UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LAURA MCNAMEE, individually and on )
behalf of all others similarly situated )
in Missouri, )
)
      Plaintiff, )
)
  vs. ) No. 4:15-CV-572 (CEJ)
)
KNUDSEN & SONS, INC., )
)
      Defendant. )

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to remand the action to the Twenty-Second Judicial Circuit Court (City of St. Louis) from which it was removed.[1]

Plaintiff Laura McNamee alleges that the labels on bottles of juice produced by defendant Knudsen & Sons, Inc., are misleading. She brings this putative class action asserting claims under the Missouri Merchandising Practices Act (MMPA), Mo.Rev.Stat. §§ 407.010 *et seq.*, and for unjust enrichment. She seeks compensatory damages, pre- and post-judgment interest, and attorneys' fees. Defendant Knudsen removed the matter to this court, invoking jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a) and the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). Plaintiff asserts that the amount in controversy requirement is not satisfied and that the case must be remanded.

    **I.**    **Background**

---

[1] Defendant has filed a motion to dismiss which the Court may consider only if subject matter jurisdiction is established.

Defendant manufactures various juice products. The product at issue in this case is sold in a container bearing a label that prominently displays the words "Blueberry Pomegranate" above the phrase "An Apple, Blueberry, Pomegranate and Lemon Juice Blend with Other Ingredients." Complaint at ¶14 [Doc. #5]. Plaintiff alleges that the prominent display of the words "Blueberry Pomegranate" misleads consumers into believing that the product is predominantly comprised of blueberry and pomegranate juices when it actually contains more apple juice than either blueberry or pomegranate juice. Id. at ¶¶18-19.

Plaintiff seeks to certify a class consisting of "[a]ll persons in Missouri" who purchased the juice in the five years preceding the filing of this action. Id. at ¶21. Plaintiff alleges that the class consists of "hundreds or thousands of purchasers." Id. at ¶23. Plaintiff also alleges that the total value of her claim, which is typical of the claims of all class members, is the retail purchase price of $3.49. Id. at ¶4. Plaintiff seeks compensatory damages, pre- and post-judgment interest, and attorneys' fees and costs. Id., Prayer for Relief. Plaintiff also alleges that she "and Class members do not seek to recover punitive damages or statutory penalties." Id. at ¶11. She further alleges that the amount in controversy is not more than $75,000 per individual class member, and is less than $5 million for the entire class. Id. at ¶7.

## II.   Discussion

Defendant asserts two bases for removal of this action. First, defendant argues that 28 U.S.C. § 1332(a) applies, because there is complete diversity of citizenship between plaintiff and defendant and the value of plaintiff's individual claim exceeds $75,000. Defendant alternatively argues that removal is proper under CAFA, 28 U.S.C. § 1332(d), because the parties are minimally diverse, the

alleged plaintiff class contains at least 100 members, and the total amount in controversy exceeds $5 million.

### A. 28 U.S.C. § 1332(a)

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the matter is between citizens of a different states. 28 U.S.C. § 1332(a). The party seeking removal has the burden to prove the amount in controversy by a preponderance of the evidence. Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009) (citations omitted) (discussing removal of non-CAFA cases). The preponderance standard requires the removing party to present "some specific facts or evidence demonstrating that the jurisdictional amount has been met," such as "responses to discovery requests or damage recoveries in similar cases." Hoffmann v. Empire Mach. & Tools Ltd., No. 4:10–CV–00201–NKL, 2010 WL 2216631, at *2 (W.D. Mo. May 28, 2010) (citing Hill v. Ford Motor Co., 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004)). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." In re Prempro Products Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010) (citation omitted).

Plaintiff alleges that her actual damages are $3.49, well below the amount in controversy requirement for diversity jurisdiction. Defendant nonetheless argues that the Court should find that this requirement is satisfied because plaintiff fails to stipulate that her actual damages are less than $75,000. In light of the nature of the claims in this case, plaintiff's failure to stipulate to the amount of damages does not provide sufficient evidence that the $75,000 threshold is met. See Biomedical Sys. Corp. v. Crawford, No. 4:15CV1775 CDP, 2016 WL 147146, at *2 (E.D. Mo. Jan. 13, 2016) (rejecting argument that failure to file stipulation establishes

damages in excess of $75,000); Branch v. Wheaton Van Lines, Inc., No. 4:14-CV-01735-AGF, 2014 WL 6461372, at *2 (E.D. Mo. Nov. 17, 2014) (absence of a stipulation does not provide sufficient evidence to establish amount in controversy by preponderance of evidence); Eisenhauer v. Dollar Gen. Corp., No. 4:13CV3181, 2014 WL 422643, at *3 (D. Neb. Feb. 4, 2014) (finding refusal to stipulate to damages less than $75,000, alone, does not prove amount in controversy by a preponderance of evidence). "Speculation and belief that plaintiff's damages exceed $75,000.00 are insufficient to meet the defendant's burden of proof." Hill, 324 F. Supp. 2d at 1036.

A removing party may include statutory attorneys' fees in its computation of the amount in controversy. See Crawford v. F. Hoffman–La Roche Ltd., 267 F.3d 760, 766 (8th Cir. 2001) (removing party may include statutory attorney fees and punitive damages in amount in controversy). Here, the MMPA authorizes attorneys' fees, Mo.Rev.Stat. § 407.025, and plaintiff seeks such fees in her prayer for relief.[2] In determining the amount of fees to award, Missouri courts consider the following factors: (1) the rates customarily charged by the attorneys involved in the case and by other attorneys in the community for similar services; (2) the number of hours reasonably expended on the litigation; (3) the nature and character of the services rendered; (4) the degree of professional ability required; (5) the nature and importance of the subject matter; (6) the amount involved or the result obtained;

---

[2] There is currently "a split in authority as to whether *future* attorney's fees may be included in addition to the attorney's fees as of the date of removal." Stanley v. Lafayette Life Ins. Co., No. 3:13-CV-05137-MDH, 2015 WL 2062568, at *3 (W.D. Mo. May 4, 2015) (emphasis in original) (quoting Feller v. Hartford Life & Acc. Ins. Co., 817 F. Supp. 2d 1097, 1104 (S.D. Iowa 2010)). "While the Eighth Circuit has not yet addressed the issue, the majority of district courts within this circuit have held that attorney fees incurred post-removal are includable in the amount in controversy calculation so long as they are reasonable." Id. (collecting cases).

4

and (7) the vigor of the opposition. Gilliland v. Missouri Athletic Club, 273 S.W.3d 516, 523 (Mo. 2009) (citations omitted).

Defendant does not attempt to address any of these factors to support its contention that plaintiff could plausibly recover sufficient attorneys' fees on her individual claim to meet the jurisdictional requirement. Instead, defendant cites three MMPA cases which it asserts are similar to this case. In Peel v. Credit Acceptance Corp., 408 S.W.3d 191, 195 (Mo. Ct. App. 2013), the plaintiff purchased a used car from a dealership and received financing from Credit Acceptance Corporation. The dealership was unable to provide plaintiff with the title to the car because it had failed to make payment to the title holder. CAC, the lender, required plaintiff to make payments despite knowing that she would be unable to obtain a title and in conflict with a state law that voided the debt. Following a jury trial, the plaintiff was awarded actual damages in excess of $11,000, punitive damages of $881,781 and attorney fees of $165,350.00. In Heckadon v. CFS Enterprises, Inc., 400 S.W.3d 372, 384 (Mo. Ct. App. 2013), a car dealership and its owner "use[d] trickery and deceit to sell Suzuki vehicles to financially vulnerable targets." Following a bifurcated jury trial, the plaintiffs were awarded $2,144 in actual damages, $500,000 in punitive damages, and $114,390 in attorneys' fees. Finally, in Grabinski v. Blue Springs Ford Sales, Inc., 203 F.3d 1024, 1026 (8th Cir. 2000), a car dealership and its employees sold the plaintiff a used car without telling her it had been damaged in a collision and coerced her into signing an affidavit stating she knew the car was in an unsafe condition. The jury

5

awarded the plaintiff actual damages in the amount of $7,835, and punitive damages in the amount of $210,000. Plaintiff sought $125,000 for attorneys' fees.³

While these three cases involved claims under the MMPA, they are not otherwise comparable to the issues here in which plaintiff asserts that she was misled by defendant's label regarding the relative proportions of four listed juice ingredients. The plaintiffs in the above cases sustained actual damages that were of a magnitude greater than the $3.49 plaintiff claims here. Furthermore, each case was factually complex, had multiple defendants, and involved successful claims for punitive damages — factors which required discovery that is simply not relevant to this case. Defendant has not met its burden to show by a preponderance of the evidence that the jurisdictional minimum is satisfied with respect to plaintiff's individual claim.

### B. Jurisdiction under 28 U.S.C. § 1332(d)

CAFA grants subject matter jurisdiction to federal courts in putative class actions where (1) any plaintiff has diversity of citizenship from any defendant; (2) the total amount in controversy exceeds $5 million; and (3) the alleged plaintiff class contains at least 100 members. 28 U.S.C. § 1332(d); Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 552 (2014). As with removal under § 1332(a), the burden of establishing federal jurisdiction is on the party seeking removal. Faltermeier, 2016 WL 552398 at *2-3; Autoport LLC v. Volkswagen Grp. of Am., Inc., No. 2:15-cv-04260-NKL, 2016 WL 123431, at *2 (W.D. Mo. Jan. 11, 2016) (collecting post-Dart cases from the Fifth, Ninth, and Eleventh Circuits stating the defendant still carries the burden of proof where removal under CAFA is

---

³ There is no record of what fee was awarded.

6

challenged). However, there is "no antiremoval presumption" in cases invoking CAFA. Dart, 135 S. Ct. at 554.

When a defendant removes an action pursuant to CAFA, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. Dart, 135 S. Ct. at 553. However, where the plaintiff does challenge the defendant's removal under CAFA, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Id. at 554. "Under the preponderance standard, the jurisdictional fact is not whether damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." Bell, 557 F.3d at 959 (internal quotation omitted, emphasis in original). Defendants may introduce affidavits, declarations, or other documentation to satisfy the preponderance of the evidence standard. Faltermeier, 2016 WL 552398 at *3 (citations omitted). "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1197 (9th Cir. 2015); see also Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010) (removing defendant can establish jurisdiction under CAFA when it "makes specific factual allegations establishing jurisdiction and can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations"). If "the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." Bell, 557 F.3d at 956.

The parties dispute whether the $5 million amount in controversy requirement has been satisfied. Defendant has estimated the value of Missouri purchases of the juice as a percentage of national sales during the class period at $186,000.[4] This figure is supported by some evidence and the Court finds that it is a credible estimate of the compensatory damages at issue.

Defendant argues that attorneys' fees for the class may exceed $5 million. Defendant puts forward no evidence in support of this assertion, again relying solely on what it considers to be a comparable MMPA case, Berry v. Volkswagen Grp. of Am., Inc., 397 S.W.3d 425 (Mo. 2013). In that case, the plaintiff alleged that the defendant's vehicles contained defective window regulators. A class consisting of Missouri owners received approximately $125,000 in compensatory damages[5] and the trial court awarded more than $6 million in attorneys' fees.[6] Defendant argues that, because actual damages in this case exceed those awarded in Berry, the class here could likewise receive attorneys' fees in excess of the jurisdictional amount. However, in Berry, class counsel expended nearly 8,000 hours on the litigation, which involved disputed class certification, multiple rounds of settlement discussion, trial preparation, and the creation of two plaintiff classes. Id. at 428. Defendant has failed to present any evidence to support its contention that this case will present the same level of complexity as Berry and the Court

---

[4] Defendant submits the declaration of manager Blake Mackey who attests that its gross national sales during the class period for the blueberry pomegranate juice were approximately $7.4 million, wholesale. According to the 2010 census, Missouri represents 1.94% of the national population. Thus, defendant estimates that the wholesale value of Missouri sales during the class period are $143,000, to which it has applied a 30% markup to determine the value of retail sales, or $186,000.

[5] Although more than 22,000 potential class members were identified, only 177 claims were made, and only 130 were determined to be valid. Id.

[6] Class counsel calculated, and defendant did not contest, that the lodestar amount was $3.1 million, to which the trial court applied a multiplier of 2. Id. at 428-29.

8

cannot imagine any plausible circumstances in which it would be reasonable to award the millions of dollars in attorneys' fees that would be required to meet the jurisdictional amount. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010) ("The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars.")

Defendant also asserts that punitive damages could exceed $5 million in this case. Setting aside the parties' arguments regarding whether plaintiff can waive the right of unnamed class members to seek punitive damages, there are simply no allegations in the complaint that would support the required findings to award punitive damages under Missouri law. See Peel, 408 S.W.3d at 209-10 (punitive damages requires clear and convincing proof that the defendant committed an intentional wanton, willful, and outrageous act without justification or acted with reckless disregard for the plaintiff's rights and interest).

Defendant has failed to plausibly allege or demonstrate that the amount in controversy meets the $5 million threshold required under 28 U.S.C. § 1332(d).

\* \* \* \* \*

For the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #7] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand the action to the Twenty-Second Judicial Circuit Court (City of St. Louis) from which it was removed.

                                                _____
                                                CAROL E. JACKSON
                                                UNITED STATES DISTRICT JUDGE

Dated this 3rd day of March, 2016.